Chief Justice Robertson
delivered the opinion of the court.
Thomas Fjasterby, as administralor of Thomas Martin, having obtained a judgment against John Vanpelt, executor and Mary Blair executrix of Robert Plummer, and caused a fieri facias on the judg-ment, tobe levied on assets in their hands; they re-plevied the debt for two years, with Silas Craig as iheir surety.
At the expiration of the two years, a fieri facias on the replevin bond, was levied on the property of Craig, and he was compelled to pay the. amount due.
To recover the money1'thus paid, Craig filed his motion, on sufficient notige, against Samuel Vanpelt, a£ the administrator of Jah.p Vanpelt.
After hearing the testimony, the circuit court dis< missed the motion, and Craig appealed.
Waiving objections not affecting the merits, (and *490 there are some such, which might sustain the judgment,) we shall consider only the main question involved in the case.
Judgment against a surety, third person induces him tn re plevy judgment, by stating that he has funds of principal in' his hands and vvill pay off replevy . bond when due and enters himself as surety in replevy bond, if money be coerced out of him
It was abundantly proved, by parol testimony, that the executor was anxious to pay off the amount of the execution without replevying. But as the judgment had been rendered against the testator, as the surety of Levi Craig, a brother of Silas Craig, the execution was held up by the sheriff a few days, for the purpose of giving time to ascertain whether Silas would, as Yanpelt said he had promised to do, pay the debt.
Silas being consulted, admitted that he had promised to pay the debt for bis brother, and that he had, as he then supposed, property of Levi’s in his hands, sufficient to indemnify him. But he solicited time, and to obtain it, urged the propriety of giving a replevin bond. Vanpelt persisted in his opposition to the replevin, add said that he would prefer paying off the execution at once. But on receiving positive assurances from Silas Craig, that he would discharge the bond when it should become due, he yielded, and the bond wgs given.
Whether these facts constitute a bar to the motion, is the only question to be considered.
Craig insists that they do no.t, for the following reasons:
1st. The assumpsit was a collateral undertaking, without writing, to pay the debt of another.
2d. It was not to be performed in a year, and, therefore, for these reasons, is within the operation of the statute of frauds and perjuries.
3d. -Parol evidence was inadmissible-to prove the promise, because the parties are, (as he supposes) estopped by the recitals in the bond.
The last reason is futile. The testimony does not contradict the bond. The bond shows that ,'Craig signed it as surety, only. No attempt was made to prove that he was principal. The sole object and effect of the evidence, was to why he became *491 surety, and that, in consideration of the motives which induced him to sign the bond, he promised to pay the amount of it, when it should be collectible. surely, contradicts nothing in the bond.
as surety in replevy bond, he cannot re-cove.rit,by Ms° principal, in replevy bond.
Statute of parol promise of another an agreement not to be per-fn™™™1*11' void. Only effect of stat-"ent enforce" ment of such contracts by smt-
Statute only oontracUs*1* executory.
statute is ex-olusively prc~
It is not necessary to decide whether the promise was within the statute, because, admitting that it was, for either or both of the reasons assigned, nevertheless, it is our opinion that the statute will not avail Craig, so as to sustain his motion.
The statute would not render the promise void. Its only effect would be to prevent the enforcement of the contract, by suit. .
The promise is-not nozo executory. It has been executed by Craig. The party in whose favor it was made, is not attempting to coerce performance. He prosecutes no suit. He is passive and content. But Craig, after having paid what he assumed to pay, sues to recover it back-, because, if he had not paid it, he could not have been forced to do it, by suit, There was no express promise to refund, and the law cannot imply one. Ex cequo el bono, no implication arises in his favor.
It is only whilst the contract remains executory, that the statute applies to it; after it shall have been executed, it would be preposterous to suffer its can-celment, merely because, as an express contract, it could not have been enforced, by action, by either party. To give such an operation to the statute, would prevent its aim and convert it into a sword instead of shield. It would then be a statute to encourage and legalize fraud, and notan act to prevent fraud.
This statute is exclusively preventive. It gives no remedy, it only withholds remedial aid.
The principles established in Roberts vs. Tennel, III. Monroe, 247, seem to us to be decisive of this case.
Craig is endeavoring to recover money by pleading the statute. It was not framed to be an engine for any such purpose.
Milk and Brown, for appellant; Monroe, for appellee.
It is not material whether Cuaig paid the fnohéj* voluntarily or coercively. Vanpelt did not coerce him. The sheriff", knowing the contract and the reasons why the replevin bond had been executed, levied the execution on the property of Craig, as he ought to have done. By the, operation of law then, without the active or improper interference of Vanpelt, Craig has redeemed his promise, and the law will not tun* round and restore to him his money, unless he can show that it has been taken from him illegally, unjustly or fraudulently, which he has not attempted to-do. But it was taken from him by the law, and in pursuance of his own contract, with which he was morally bound to comply.
Judgment affirmed.